IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

July 19, 2010

RE: OSSIE TRADER V. COMMONWEALTH OF PA, ETAL
CA No. 10-1656

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Hart, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By
LINDA V.JERRY, Deputy Clerk

cc: TRADER
LORBER

Courtroom Deputy to Judge Fullam

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSSIE TRADER | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 10-1656 |

## REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                                              **July 16, 2010**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual who is currently incarcerated at the United States Penitentiary in Atlanta, Georgia. For the reasons that follow, I recommend that the petition be denied.

I.   FACTS AND PROCEDURAL HISTORY:

In October, 2005 and again in June, 2006, I prepared a Report and Recommendation in Civil Actions 05-4463 and in 05-4462, respectively. In those petitions, Trader was challenging state court convictions arising in Delaware and Philadelphia counties. At that time Trader was incarcerated pursuant to a federal sentence, as he still is. In both prior petitions, I recommended that the petitions be denied as Trader failed to meet the custody requirement of § 2241 and § 2254. Judge Fullam adopted the Reports and Recommendations denying the petitions on January 9, 2006 and on August 16, 2006, respectively.

Trader now states that he is challenging a 1984 conviction from Philadelphia County, for which he received a 6 to 20 year sentence. On September 6, 1984, Trader entered a guilty plea to charges of criminal conspiracy and robbery. He has since completed serving his sentence in state prison.

In 1995, Trader pleaded guilty in federal court to conspiracy to commit armed bank robbery, use of a firearm during a crime of violence, and aiding and abetting in violation of 18U.S.C. 2113(d), 924(c) and 2. On March 20, 2000, The Honorable Michael M. Baylson sentenced Trader to 248 months in prison. Civ. A. No. 94-534-02. The Philadelphia County conviction, like the Delaware County conviction, was used to enhance the federal sentence Trader is currently serving.

On March 1, 2002, Trader filed a petition under 28 U.S.C. 2255, seeking to vacate, set aside or correct his sentence. On June 11, 2002, Judge Reed denied his petition (Civ. A. No. 02-cv-1117). Trader then filed three additional petitions under § 2255, docketed as 03-cv-3595 (on June 11, 2003), 04-cv-2258 (on May 24, 2004), and 05-cv-1595 (on April 7, 2005). All three of these petitions were dismissed by Judge Baylson as improper successive petitions. In addition, Trader has also filed petitions under § 2241, which Judge Fullam dismissed for lack of jurisdiction (05-cv-6290, 06-cv-4220), a second petition challenging the Delaware County conviction, which Judge Fullam denied as second or successive and frivolous (06-cv-1948), and another petition under § 2254, which Judge Fullam denied without prejudice as frivolous (06-cv-2304). On February 12, 2008, Judge Fullam entered an Order dismissing with prejudice another petition that Trader filed under § 2241, as a second or successive petition under § 2255 (07-1403). On March 19, 2009, Judge Baylson also entered an order denying a petition for writ of mandamus and prohibition for lack of jurisdiction. (09-cv-19). Trader has also filed multiple petitions in the District Court in Texas, which have been dismissed.

In the current petition, which is filed under § 2254, Trader claims that his counsel was ineffective because he failed to file an appeal. He claims that he instructed his counsel to file an

appeal of his Philadelphia county conviction, but after assuring him that he would, his counsel failed to do so. Trader states that he just discovered this fact. Petition at p. 8.

Trader filed his first PCRA petition on October 24, 2003. He also filed a state habeas petition, which was merged with the habeas petition pursuant to 42 Pa.C.S.A. § 9542. On June 6, 2004, the PCRA court dismissed the petition stating that he had completed serving his sentence.

Trader filed a second PCRA petition on September 22, 2008, raising the claim that he is now raising. At that time, he was serving the federal sentence. The petition was dismissed as untimely on June 3, 2009. He filed an appeal of the denial of the PCRA petition and the Superior Court of Pennsylvania affirmed on April 1, 2010. The Superior Court held that the PCRA court had properly dismissed the petition as he had completed serving the sentence years before he filed the second PCRA petition, making him ineligible for relief. Respondent's Exhibit A (Superior Court Opinion) at p. 3.

On April 8, 2010, Trader filed the instant petition for writ of habeas corpus. He alleges that his counsel was ineffective for failing to file an appeal and denial of his first direct appeal. For the same reasons articulated in my prior Reports, I recommend that Trader's attack on his Philadelphia County conviction be dismissed.

II. DISCUSSION

This petition must be dismissed for the same reasons that Trader's prior petitions for which I prepared Reports and Recommendations were dismissed. Trader fails to satisfy the custody requirement of § 2245, as he has completed the state sentence which he is now challenging and is now in federal custody. To be eligible for habeas corpus relief, the petitioner

3

must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Once a petitioner's sentence under the conviction or sentence he is challenging has fully expired, he is no longer "in custody" for purposes of filing a habeas petition. See Maleng v. Cook, 490 U.S. 488, at 493, 109 S.Ct. 1923 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); see also Drakes v. INS, 330 F.3d 600 (3d Cir.2003). Therefore, the district court lacks jurisdiction to entertain a petition filed after the expiration of the petitioner's sentence.

Contrary to Trader's claim, according to the state court, he is no longer in state custody of any kind[1]. In his memorandum filed along with this petition, Trader states that he provided proof to the PCRA court that he was still on parole for the state court sentence. (Trader's memorandum of law at p. 2). However, the state court did not even mention this proof and specifically found that the sentence had fully expired. As Respondent notes, Trader has not presented any such proof to this court. Accordingly, we are bound to follow the state court's findings on this strictly state issue of whether he has completed his sentence. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475 (1991). The fact that the expired sentence may have been used to enhance a later sentence does not render Trader retroactively "in custody" under the expired sentence. See Maleng, 490 U.S. at 492; Blacknall v. Fraser, 2009 WL 4795082, 2 (D.N.J. 2009). Therefore, this court lacks jurisdiction to entertain the petition.

---

In his previous petitions, Trader acknowledged the custody requirement of § 2254, and attempted to circumvent it by asking that his petition be construed as one filed pursuant to § 2241. This attempt failed for two reasons. First, his petition was properly considered pursuant to § 2254. Second, § 2241 also contains a custody requirement, which Trader fails to meet.

4

Trader filed this petition under § 2254, rather than § 2255. However to the extent that he is attempting to indirectly challenge his state court conviction through his federal sentence, the attempt must fail. Although the federal sentence that Trader is currently serving may have been enhanced by the state court conviction he attacks, Trader acknowledged in his prior petitions that he cannot indirectly attack his expired state court conviction through the current sentence. In Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court held that a § 2255 movant may not indirectly attack a prior conviction, for which the movant has completed serving the sentence, by claiming that his current sentence has been illegally enhanced. In fact, the Daniels' Court concluded that if that prior conviction is no longer open to direct or collateral attack, i.e., the movant failed to timely challenge the prior conviction or did so unsuccessfully, he "is without recourse." Daniels, at 382. Furthermore, Trader has filed numerous petitions under § 2255. Therefore, if this petition was construed as a petition filed under § 2255, it would also be an improper successive petition.

As Respondent also notes, even if Trader satisfied the custody requirements, this petition is also clearly untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April 24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

5

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[2]

28 U.S.C. § 2244 (d)(1) (1996).

For convictions prior to the effective date of the Act, prisoners have been allowed a one year grace period beginning from the effective date of the Act. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Here, Trader's conviction became final in October 1984, when his time for seeking direct review in the Superior Court expired. See Pa.R.A.P. 903 (allowing 30 days to file an appeal in the Superior Court). Therefore, Trader had until April 23, 1997 to file a petition for writ of habeas corpus in federal court. He did not file the instant petition until April 8, 2010, almost 13 years too late.

While he does not acknowledge that he is out of time, Trader simply states that he recently discovered that no appeal was filed on his behalf. However, he offers no explanation as to why he was unable to discover this until now. Although Trader claims that he has just discovered that his counsel failed to file an appeal, he offers no explanation as to why it took him 26 years from his conviction and 13 years past the expiration of the grace period to make this

---

[2] The statute also sets forth two other potential starting points for the running of the statute of limitations, as follows:

(B)  the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . .

28 U.S.C. sec. 2244(d)(1). As the petition does not allege any facts which indicate that any of these other starting points should be used, the Court does not consider them.

discovery. It is clear that had he exercised due diligence, he would have been able to determine that no appeal was filed on his behalf much earlier. Trader has failed to establish any basis for an alternate start date and has not demonstrated any basis for equitable tolling.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 16th day of July, 2010, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

JACOB R. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OSSIE TRADER : CIVIL ACTION
:
v. :
:
COMMONWEALTH OF PENNSYLVANIA, :
et al. : NO. 10-1656

## ORDER

JOHN P. FULLAM, S.J.,

    AND NOW, this     day of     , 2010, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

    1. The Report and Recommendation is APPROVED and ADOPTED.

    2. The petition for a writ of habeas corpus is DISMISSED.

    3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
JOHN P. FULLAM, S.J.